## Schuylkill Telephone Company's Mortgage.

*Mortgage—Satisfaction of mortgage—Corporation mortgage—Satisfaction by trustee—Act of May 9, 1889.*

1. A trustee of a corporation mortgage cannot be compelled to satisfy the mortgage where it appears that the mortgage was issued to secure 300 bonds and the corporation claimed only 250 bonds had been issued, but could not satisfactorily account for the whereabouts of the other 50 bonds.

2. In such case, all that can be done to release the property of the mortgagor is by a proceeding under the Act of May 9, 1889, P. L. 166, relating to the entry of satisfaction of record as to all payments of either principal debt or interest, or both.

Rule on the Schuylkill Trust Company to show cause why satisfaction of said mortgage should not be entered on the record. C. P. Schuylkill Co., Sept. T., 1925, No. 328.

*D. W. Kaercher*, for petitioner.

KOCH, J., Nov. 9, 1925.—From the petition for the rule, the answer thereto and the evidence, we find that the Schuylkill Telephone Company executed a mortgage dated Jan. 1, 1900, acknowledged it March 20, 1900, and delivered it to the Schuylkill Trust Company, the trustee named in said mortgage. The mortgage was later recorded in Mortgage Book 7 I, page 261. It was given to said trustee to secure 300 bonds of the denomination of $500 each, which were authorized to be issued by the said Schuylkill Telephone Company pursuant to corporate action taken by the stockholders and board of directors. At least 250 of said bonds were issued. All the bonds secured by the mortgage became due and payable on Jan. 1, 1925. The bonds bore interest at the rate of 5 per centum per annum, payable semi-annually upon presentation of the coupons as they respectively became due. Two hundred and forty-eight of said issued bonds have been redeemed and canceled, but two of them, upon which all the interest has been regularly paid, have not yet been surrendered for payment and cancellation.

Oral and documentary evidence are lacking to show whether or not the remaining fifty bonds intended to be secured by said mortgage were ever issued. No demand was ever made on the said trustee for the payment of any coupons on said bonds as they respectively became due on the 1st of January and July of each year during the life of the bonds, and the whereabouts of said fifty bonds is unknown to the mortgagor, the mortgagee and the successor in ownership of the mortgagor's property, to wit, the Penn State Telephone Company, upon whose petition the pending rule in this matter was granted. The said mortgagee has been provided with the necessary cash funds by the said Penn State Telephone Company to pay off and redeem the aforementioned two bonds at any time upon presentation of the same to the said trustee.

The Penn State Telephone Company showed by the minutes of the Schuylkill Telephone Company that only 250 bonds were authorized to be issued by the action of the Board of Directors of said Schuylkill Telephone Company, but the Schuylkill Trust Company is unwilling to satisfy the mortgage because of the fact that the remaining fifty bonds secured by said mortgage are not satisfactorily accounted for.

We do not know of any authority vested in us for directing the satisfaction of a mortgage under the circumstances here existing. All that may be done to release the property of the Schuylkill Telephone Company from any part of the lien of said mortgage is provided for by the 1st section of the Act of May 9, 1889, P. L. 166, which says that "From and after the passage of this

Schuylkill Telephone Company's Mortgage.

act, it shall be the duty of the holder or holders of mortgages recorded in the proper office, at least once every three years, to cause to be entered on the margin of the record thereof all payments of either principal debt or interest, or both, theretofore made by, or in behalf of, the mortgagor, on being tendered or paid the legal fee for such entry or entries by the mortgagor or any one interested in the property covered by the mortgage, either as owner or as a lien creditor."

The Penn State Telephone Company, the petitioner here, as owner of the property formerly of the Schuylkill Telephone Company, may, therefore, tender to the trustee a small fee to pay for the proper entry or entries upon the margin of the record of said mortgage of all payments made thereon. Such entries will be a satisfaction *pro tanto* of the mortgage. Similar entries should be made when other bonds are redeemed. But the mortgage should not be satisfied until all the bonds are properly accounted for, or until the presumption of their payment arises from lapse of time, as provided for in the Act of June 10, 1881, P. L. 97.

From M. M. Burke, Shenandoah, Pa.